# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEDIS DIAZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6580-WBV-KWR** |
| **USA PROFESSIONAL LABOR, LLC** | **SECTION: D (4)** |

## ORDER AND REASONS

Before the Court is Plaintiff's Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members.[1] The Motion is unopposed. After considering the Motion, the record and the applicable law, for the reasons expressed below, the Motion is **GRANTED as modified.**

## I. FACTUAL AND PROCEDURAL BACKGROUND

This is a case for unpaid overtime wages under the Fair Labor Standards Act (the "FLSA"). Plaintiff, Ledis Diaz, filed this action, on his behalf and on behalf of those similarly situated, against his former employer, USA Professional Labor, LLC ("USA Labor"), for its failure to pay appropriate overtime wages under the FLSA.[2] Plaintiff alleges that he was employed by USA Labor as a general laborer from approximately 2013 through January 2018, and that during that time he was not paid overtime wages despite regularly working more than 55 hours a week.[3] Plaintiff

---

[1] R. Doc. 17.
[2] R. Doc. 1.
[3] *Id*. at ¶ 15. While Plaintiff initially alleged in the Complaint that he worked as a general laborer for USA Labor from December 2017 through January 2018 (R. Doc. 1 at ¶ 6), in the sworn declaration attached to the instant Motion, Plaintiff asserts that he worked as a general laborer for USA Labor "from approximately 2013 through February 2018" (R. Doc. 17-2 at ¶ 2).

alleges that at least since July 9, 2015, USA Labor classified and paid all of its general laborers in the same manner.[4] Plaintiff further alleges that there was a common pay practice or policy concerning a class of individuals who performed the same essential job functions and duties as general laborers.[5]

On April 9, 2019, Plaintiff filed the instant Motion, asking the Court for an Order: (1) conditionally certifying this case as a collective action; (2) approving Plaintiff's proposed Notice and Consent Form pursuant to FLSA § 216(b) in both English and Spanish; (3) requiring USA Labor to produce to Plaintiff's counsel a computer-readable data file containing all putative collective class members' names, last-known addresses, e-mail addresses, telephone numbers and dates of employment within 14 days of the date of the Order; (4) authorizing the use of text message to provide notice to putative collective class members in both English and Spanish; and (5) authorizing a 90-day time period for putative collective class members to opt-in to the lawsuit.[6] As of the date of this Order, Plaintiff's Motion is unopposed.

## II. LEGAL STANDARD

An employee may sue his employer for violating the minimum wage and overtime provisions of the FLSA either individually or as a collective action on behalf of himself and "other employees similarly situated."[7] Unlike a class action under Federal Rule of Civil Procedure 23, which requires putative plaintiffs to opt-out of the

---

[4] *Id.* at ¶21.
[5] *Id.* at ¶¶ 22 & 23.
[6] R. Doc. 17.
[7] *Figueroa v. Harris Cuisine LLC*, Civ. A. No. 18-6109, 2019 WL 329578, at *3 (E.D. La. Jan. 25, 2019) (*quoting* 29 U.S.C. § 216(b)) (internal quotation marks omitted).

class, a collective action under the FLSA requires employees to affirmatively opt-in to the suit.[8] Courts have used two methods to determine whether plaintiffs are similarly situated to a proposed class, commonly referred to as the *Lusardi* approach and the *Shushan* approach.[9] The Fifth Circuit has yet to adopt either test. However, this Court has consistently applied the approach first articulated in *Lusardi*,[10] which is a two-step analysis consisting of a "notice stage" and a "decertification stage."[11]

At the notice stage, the court determines, based only on the pleadings and any affidavits that have been submitted, whether the putative collective action members should receive notice of the action.[12] "Because the court has minimal evidence, this determination is made using a fairly lenient standard, and typically results in 'conditional certification' of a representative class."[13] Thus, "At the notice stage, 'courts appear to require nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy or plan infected by discrimination."[14] If the district court conditionally certifies the class, putative class members are given notice and the opportunity to "opt-in," and the action proceeds as a representative action throughout discovery.[15]

---

[8] 29 U.S.C. § 216(b).
[9] *See Shushan v. University of Colo.*, 132 F.R.D. 263 (D. Colo. 1990); *Lusardi v. Xerox Corp.*, 122 F.R.D. 463 (D.N.J. 1988).
[10] *Ramos v. Famous Bourbon Management Group, Inc.*, Civ. A. No. 18-6573, 2019 WL 414672 (E.D. La. Feb. 1, 2019) (citing Smi*th v. Offshore Specialty Fabricators, Inc*. Civ. A. No. 09-2985, 2009 WL 2046159, at *2 (E.D. La. July 13, 2009); X*avier v. Belfor USA Group, Inc*., 585 F. Supp. 2d 873, 876 (E.D. La. 2008); *Johnson v. Big Lots Stores, Inc*., 561 F. Supp. 2d 559, 569 (E.D. La. 2008)); *See Figueroa v. Harris Cuisine LLC*, Civ. A. No. 18-6109, 2019 WL 329578, at *4 (E.D. La. Jan. 25, 2019).
[11] *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1213-14 (5th Cir. 1995), overruled on other grounds by *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).
[12] *Mooney*, 54 F.3d at 1214.
[13] *Id*.
[14] *Id*. at n.8 (quoting *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988)).
[15] *Mooney*, 54 F.3d at 1214.

The decertification stage is typically precipitated by a motion to decertify the class, filed by the defendant, after discovery is largely complete and the matter is ready for trial.[16] At that stage, "the court has much more information on which to base its decision, and makes a factual determination on the similarly situated question."[17] If the district court finds that the claimants are similarly situated, the representative action proceeds to trial. However, if the district court finds that the claimants are not similarly situated, the district court decertifies the class and dismisses without prejudice the opt-in plaintiffs' claims, and the class representatives (*i.e.*, the original plaintiffs) proceed to trial on their individual claims.[18] "Even where a motion for conditional certification is unopposed, courts still evaluate whether plaintiffs have met the required standard."[19]

### III. ANALYSIS

### A. Conditional Certification is Warranted.

Here, Plaintiff submitted a sworn declaration, in which he asserts that he never received 1½ times his normal rate for working over 40 hours in a week.[20] Plaintiff further asserts that he worked more than 40 hours each week for USA Labor while working as a general laborer from approximately 2013 through February 2018.[21] Plaintiff also avers that he has spoken with other general laborers who

---

[16] *Id.*
[17] *Id.*
[18] *Id.*
[19] *Murillo v. Gomez Drywall Contractors, Inc.*, Civ. A. No. 18-3753, 2018 WL 3928182, at *2 (E.D. La. Aug. 16, 2018) (quoting *Crowley v. Paint & Body Experts of Slidell, Inc.*, Civ. A. No. 14-172, 2014 WL 2506519, at *4 (E.D. La. June 3, 2014)) (internal quotation marks omitted).
[20] R. Doc. 17-2 at ¶ 4.
[21] *Id.* at ¶¶ 2 & 4.

worked for USA Labor, who claim that they also have not been paid overtime for working over 40 hours a week.[22] Plaintiff names four such individuals: Noe Zuniga, Santos Salinas, Edwin Duarte and Roger Duarte.[23]

Considering the lenient standard that district courts apply at the notice stage of the proceedings, the Court finds that the general laborers of USA Labor who have been denied earned overtime pay from July 9, 2015 through the present date are similarly situated because together they are the victims of an alleged single policy of USA Labor to decline to pay its general laborers earned overtime pay. This case does not appear to arise from circumstances purely personal to plaintiff, Ledis Diaz. Instead, it appears that the alleged policy of USA Labor would affect all of the general laborers working for USA Labor during the relevant period. Accordingly, the Court finds that this class should be conditionally certified, and potential class members should be given notice and an opportunity to opt-in to this collective action.

**B. Judicial Notice.**

Plaintiff has submitted a proposed "Notice of Collective Action Lawsuit"[24] and a proposed "Consent to Join Wage Claim Against USA Professional Labor, LLC."[25] The Court has reviewed these documents and both appear to be appropriate. These documents are, therefore, approved. The Court also approves of Plaintiff's request to send these documents in both English and Spanish.

---

[22] *Id.* at ¶ 6.
[23] *Id.*
[24] R. Doc. 17-3 at pp. 1-4.
[25] *Id.* at p. 5.

**C. Production of Contact Information.**

Plaintiff also seeks an Order from this Court requiring USA Labor to provide the names, last-known addresses, e-mail addresses, telephone numbers and dates of employment of the putative collective class members in "a computer-readable data file" within 14 days of the date of the Order.[26] "[T]he production of addresses and e-mail addresses is common practice,"[27] as is the production of phone numbers.[28] Additionally, this Court has previously allowed notice to be provided by text message.[29] The Court finds that this is a case in which it may be especially difficult to give potential class members notice.[30] As such, the Court approves of Plaintiff's counsel contacting potential class members electronically by electronic mail and by telephone, including by text message. The Court also authorizes the use of text messages in both English and Spanish.

While Plaintiff requested that this information be provided within 14 days of the date of this Order, the Court finds that additional time may be needed to collect and produce this information. Thus, USA Labor shall provide the information that

---

[26] R. Doc. 17 at p. 1; R. Doc. 17-1 at p. 12.
[27] *Escobar v. Ramelli Grp., LLC*, Civ. A. No. 16-15848, 2017 WL 3024741, at *3 (E.D. La. July 17, 2017) (citing *White v. Integrated Tech., Inc.*, Civ. A. Nos. 11-2186, 12-359, 2013 WL 2903070, at *9 (E.D. La. June 13, 2013)).
[28] *Escobar*, Civ. A. No. 16-15848, 2017 WL 3024741, at *3 (citations omitted); *Figueroa v. Harris Cuisine LLC*, Civ. A. No. 18-6109, 2019 WL 329578, at *6 (E.D. La. Jan. 25, 2019).
[29] *Figueroa*, Civ. A. No. 18-6109, 2019 WL 329578, at *6 ("The parties agree that notice is appropriate via U.S. mail, email, and text message."); *Mahrous v. LKM Enterprises, LLC*, Civ. A. No. 16-10141, 2017 WL 2730886, at *4 (E.D. La. June 26, 2017) (citing *Jones v. Yale Enf't Servs., Inc.*, Civ. A. No. 14-2831, 2015 WL 3936135, at *3 (E.D. La. June 26, 2015); *Case v. Danos & Curole Marine Contractors, LLC*, Civ. A. Nos. 14-2775, 14-2976, 2015 WL 1978653, at *8 (E.D. La. May 4, 2015); *White*, Civ. A. Nos. 11-2186, 12-359, 2013 WL 2903070, at *11).
[30] Plaintiff asserts that text messages are necessary because the putative collective class is made up of Spanish-speaking blue collar workers, many of whom do not use e-mail on a regular basis. Plaintiff also claims that some of the putative class members may have no e-mail address and prefer to communicate by text message. R. Doc. 17-1 at p. 10.

Plaintiff's counsel seeks within 30 days of the date of this Order, which will enable counsel for the class to send the Notice and Consent forms to potential class members.

### D. Length of the Opt-In Period.

Plaintiff requests a 90-day time period after distribution of the proposed Notice and Consent forms for interested putative collective class members to return their signed Consent forms for filing with the Court. Defendant has not opposed this time period. Other sections of this Court have found a 90-day opt-in period appropriate in cases that do not present unusually large or complex proposed classes.[31]

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members[32] is **GRANTED as modified.**

**IT IS FURTHER ORDERED** that a collective action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA"), is conditionally certified to include the following persons: All individuals who worked for USA Professional Labor, LLC, as a general laborer at anytime since July 9, 2015 and were not paid overtime.

---

[31] *Ramos v. Famous Bourbon Management Group, Inc.*, Civ. A. No. 18-6573, 2019 WL 414672, at *4 (E.D. La. Feb. 1, 2019) (Milazzo, J.) (citing *Maldonado v. New Orleans Millworks, LLC*, 294 F. Supp. 3d 520, 528 (E.D. La. 2018) (Barbier, J.); *Esparza v. Kostmayer Constr., LLC*, Civ. A. No. 15-4644, 2016 WL 3567060, at *5 (E.D. La. July 1, 2016) (Morgan, J.); *Lima v. Int'l Catastrophe Sols., Inc.*, 493 F. Supp. 2d 793, 804 (E.D. La. 2007) (Fallon, J.) ("The Court believes that an opt-in period of ninety days is adequate. This period sufficiently affords the Plaintiffs the time needed to locate potential opt-in plaintiffs who have migrated to other areas, but is not so unreasonable as to be overly burdensome or excessive for the Defendants.")).

[32] R. Doc. 17.

**IT IS FURTHER ORDERED** that within thirty (30) days of the date of this Order and Reasons, USA Professional Labor, LLC shall provide to Plaintiff's counsel the names, last-known addresses, email addresses and telephone numbers of all putative collective action members in the form of a computer-readable data file.

**IT IS FURTHER ORDERED** that the Notice of Collective Action Lawsuit[33] and the Consent to Join Wage Claim Against USA Professional Labor, LLC[34] are approved and, pursuant to 29 U.S.C. § 216(b), shall be sent to putative collective action members in accordance and consistent with this Order.

**IT IS FURTHER ORDERED** that the putative collective action members are granted a period of ninety (90) days from the date that the Notice and Consent forms are mailed, emailed or texted to execute the Consent form and return it to Plaintiff's counsel, thereby signifying their decision to opt-in to this lawsuit.

New Orleans, Louisiana, November 5, 2019.

*Wendy B. Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[33] R. Doc. 17-3 at pp. 1-4.
[34] *Id.* at p. 5.