UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **LEDIS DIAZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 18-6580-WBV-KWR** |
| **USA PROFESSIONAL LABOR, LLC** | **SECTION: D (4)** |

## ORDER and REASONS

Before the Court is an *Ex Parte* Consent Motion to File Under Seal Parties' Settlement Agreement[1] and a Joint Motion to Approve Settlement and For Dismissal of All Claims.[2] After careful consideration of the parties' memoranda and the applicable law, both Motions are **GRANTED.**

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On July 9, 2018, Ledis Diaz, on behalf of himself and other individuals similarly situated, filed a Complaint against his former employer, USA Professional Labor, LLC, for its failure to pay appropriate overtime wages under the Fair Labor Standards Act (the "FLSA").[3] On November 5, 2019, this Court granted, as modified, Plaintiff's Motion for Conditional Certification as a Collective Action and Notice to Potential Class Members.[4] Six individuals opted into this lawsuit.[5] The Court subsequently granted Plaintiff's request to file an amended complaint to name Gilberto Alarcon and Edin Alarcon as additional defendants.[6] Since the Court's

---

[1] R. Doc. 71.
[2] R. Doc. 72.
[3] R. Doc. 1.
[4] R. Doc. 22.
[5] R. Docs. 28, 29, 33, 34.
[6] *See*, R. Docs. 40 & 42. The Court subsequently dismissed Plaintiff's claims against Gilberto Alarcon on January 15, 2021 for failure to prosecute under Fed. R. Civ. P. 4(m). R. Doc. 76.

ruling granting conditional certification, counsel for Mr. Diaz and Defendants have been engaged in discovery and motion practice, which has occurred during the ensuing two-and-a-half years of litigation.

On December 17, 2020, the parties participated in a settlement conference with Chief United States Magistrate Judge Karen W. Roby, which was successful.[7] On January 12, 2021, Mr. Diaz filed the instant *Ex Parte* Consent Motion to File Under Seal Parties' Settlement Agreement.[8] Mr. Diaz, on behalf of himself and all other opt-in individuals (collectively, "Plaintiffs"), USA Professional Labor, LLC and Edin Alarcon also filed the instant Joint Motion to Approve Settlement and For Dismissal of All Claims.[9] Mr. Diaz seeks to file the executed Settlement and Release Agreement into the record under seal as an exhibit to the Joint Motion to Approve Settlement.[10] In the Joint Motion, the parties request that the Court review and approve the terms of the proposed settlement of this collective action under the FLSA.[11] Under the settlement agreement, USA Professional Labor, LLC and Edin Alarcon agree to pay Plaintiffs a total of $25,000.00, with $16,946.00 in payment to Plaintiffs and $8,054.00 in attorney's fees to Plaintiffs' counsel.

## II. LEGAL STANDARD

The Court "must approve any settlement reached by the parties which resolves the claims in this action brought under Section 16(b) of the FLSA."[12] "In order to

---

[7] *See*, R. Doc. 32 in Civ. A. No. 20-1360, *Manuel Reyes v. South Building Services LLC, et al.* (E.D. La.), *consolidated with* Civ. A. No. 20-1361, *Urbina v. South Building Services LLC, et al.* (E.D. La.).
[8] R. Doc. 71.
[9] R. Doc. 72.
[10] R. Doc. 71.
[11] R. Doc. 72.
[12] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 717 (E.D. La. 2008).

approve a settlement proposed by an employer and employees of a suit brought under the FLSA and enter a stipulated judgment, a court must determine that the settlement is a 'fair and reasonable resolution of a bona fide dispute over FLSA provisions.'"[13] In deciding whether to approve the settlement of an FLSA collective action, the Court's primary focus is not on due process concerns, as it would be for a Fed. R. Civ. P. 23 class action.[14] Instead, the Court must focus on ensuring that an employer does not take advantage of its employees in settling their claim for wages.[15]

### III. ANALYSIS

The Court is very familiar with this case, as it has been pending before this Court since June 2019. Further, the Court held a telephone status conference on March 13, 2020 regarding Plaintiff's Motion for Protective Order, Sanctions, and Corrective Notice,[16] and another telephone status conference on April 28, 2020 to discuss a Joint Motion to Continue Deadlines.[17] The Court further notes that Plaintiffs are represented by competent counsel, as are defendants, USA Professional Labor, LLC and Edin Alarcon. Additionally, the Court is aware that this settlement was perfected during a scheduled settlement conference requested by the parties and with the assistance of Chief Magistrate Judge Roby.

---

[13] *Id.* at 719 (quoting *Lynn's Food Stores, Inc. v. U.S. ex rel. U.S. Dept. of Labor, Employment Standards Admin., Wage and Hour Div.*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Camp v. Progressive Corp.*, Civ. A. Nos. 01-2680, 03-2507, 2004 WL 2149079 (E.D. La. Sept. 23, 2004)).
[14] *Collins*, 568 F. Supp. 2d at 719 (citations omitted).
[15] *Id.* (citations omitted).
[16] R. Doc. 44.
[17] R. Doc. 53.

### A. The Settlement is the Product of a Bona Fide Dispute.

Having reviewed the pleadings, the Memorandum in Support of Joint Motion to Approve Settlement and For Dismissal of All Claims[18] and the Settlement and Release Agreement executed by the parties, the Court finds that the proposed settlement is the product of a bona fide dispute over FLSA provisions. Specifically, there is a bona fide dispute regarding whether Defendants failed to properly compensate Plaintiffs for hours worked in excess of forty (40) in a workweek, the amount of any damages owed, whether Defendants willfully violated the FLSA or acted in good faith, whether liquidated damages should be assessed, and whether Edin Alarcon "employed" Plaintiffs within the meaning of the FLSA.

### B. The Settlement is Fair and Reasonable.

In determining whether a settlement is fair and reasonable, the Court must consider the following six factors set forth by the Fifth Circuit in *Reed v. General Motors Corp.*: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of plaintiffs' success on the merits; (5) the range of possible recovery; and (6) the opinions of class counsel, class representatives and absent class members.[19] "When considering these

---

[18] R. Doc. 72-1.
[19] *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 722 (E.D. La. 2008) (quoting *Camp v. Progressive Corp.*, Civ. A. Nos. 01-2680, 03-2507, 2004 WL 2149079 (E.D. La. Sept. 23, 2004) (citing *Reed v. General Motors Corp.*, 703 F.2d 170, 172 (5th Cir. 1983))) (internal quotation marks omitted).

factors, the court should keep in mind the 'strong presumption' in favor of finding a settlement fair."[20]

### 1. *There was no fraud or collusion behind the settlement.*

Turning to the first *Reed* factor, Court has found no indication of fraud or collusion. In addition to the strong presumption in favor of finding a settlement fair, absent evidence to the contrary, there is also a presumption that no fraud or collusion occurred between counsel.[21] Here, the parties have engaged in discovery, motion practice and negotiations to resolve this matter. There has been no claim of fraud or collusion. The parties claim that the settlement not only provides an immediate benefit to Plaintiffs, it confers "precisely what Plaintiffs sought in this lawsuit: compensation for overtime hours worked."[22] The parties assert that, "The specific recovery for each Plaintiff pursuant to the settlement is based on overtimes [sic] hours allegedly worked, as determined by Plaintiffs' counsel," and that, "Plaintiffs are aware of, and agreed to, the specific amount to be awarded."[23] As such, the Court finds that the first factor indicates the settlement is fair and reasonable.

### 2. *The litigation will likely be complex, expensive, and lengthy.*

The Court further finds that the second factor, the complexity, expense, and likely duration of the litigation, also indicates that the settlement is fair and

---

[20] *Domingue v. Sun Elec. & Instrumentation, Inc.*, Civ. A. No. 09-682, 2010 WL 1688793, at *1 (M.D. La Apr. 26, 2010) (quoting *Camp*, Civ. A. Nos. 01-2680, 03-2507, 2004 WL 2149079 at *5 (citing *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977))).
[21] *Catherine v. SureTemps, LLC*, Civ. A. No. 17-7561, 2019 WL 4038604, at *3 (E.D. La. Aug. 27, 2019) (citing *Atkins v. Worley Catastrophe Response, LLC*, Civ. A. No. 12-2401, 2014 WL 1456382, at *2 (E.D. La. Apr. 14, 2014)).
[22] R. Doc. 72-1 at p. 4.
[23] *Id.*

reasonable. This case has been pending for more than two years.[24] Although the discovery deadline was October 30, 2020,[25] there remain several unresolved issues, including the Plaintiff's Motion for Protective Order, Sanctions, and Corrective Notice, which concerns allegations that near the end of the opt-in period, Edin Alarcon was urging all of his employees not to joint this lawsuit and immediately terminating any employees who joined the suit.[26] As the parties point out, the parties disagree about the merits of Plaintiffs' claims, the viability of Defendants' defenses and the proper calculation of damages. The parties also claim that without a settlement, they would have engaged in extensive and expensive trial practice, and that even if Plaintiffs had prevailed on the merits at trial, an appeal to the Fifth Circuit would likely have resulted.[27] The Court finds that these unresolved issues and the complexity of the litigation indicate that the settlement is fair and reasonable.

### 3. *The stage of the proceedings and the amount of discovery completed.*

Turning to the third factor, the stage of the proceedings and the amount of discovery completed, the Court finds this factor also indicates that the settlement is fair and reasonable. The Court considers how much formal discovery has been completed because "extensive discovery [by the parties indicates] a good understanding of the strengths and weaknesses of their respective cases and hence

---

[24] *See*, R. Doc. 1.
[25] R. Doc. 54.
[26] R. Doc. 36. The Court notes that the Motion for Protective Order, Sanctions and Corrective Notice was terminated on December 22, 2020 when the case was dismissed without prejudice due to settlement. *See*, R. Doc. 70.
[27] R. Doc. 72-1 at p. 4.

that the settlement's value is based upon such adequate information," and "full discovery demonstrates that the parties have litigated the case in an adversarial manner and . . . therefore . . . settlement is not collusive but arms-length."[28] As previously mentioned, the discovery deadline was October 30, 2020, and the parties claim that they have "engaged in discovery."[29]

Although no further details are provided regarding the extent of discovery conducted, that the parties participated in a successful settlement conference with the assigned magistrate judge indicates that the parties conducted enough discovery to obtain a good understanding of the strengths and weaknesses of their respective cases and that the settlement was an arms-length transaction. Thus, the Court finds that the parties have litigated this case in an adversarial manner and are sufficiently familiar with the facts to reach a fair settlement, such that the third *Reed* factor weighs in favor of finding the settlement fair and reasonable.

### 4. *Plaintiffs' probability of success on the merits is uncertain.*

The Court finds the fourth factor, the probability of Plaintiffs' success on the merits, is uncertain at this point. As outlined above, there remain several issues in dispute regarding liability and damages. Additionally, Defendants deny Plaintiffs' allegations and have asserted several affirmative defenses, including the untimeliness of certain claims and the impropriety of a collective action in this case.[30] The parties assert that the settlement provides substantial relief to the Plaintiffs and

---

[28] *Black v. DMNO, LLC*, Civ. A. No. 16-2708, 2018 WL 4076330, at *2 (E.D. La. Aug. 27, 2018) (*quoting* NEWBERG ON CLASS ACTIONS § 13:50 (5th ed.)).
[29] R. Doc. 72-1 at p. 2.
[30] R. Doc. 11.

eliminates the inherent risks that both sides will bear if the litigation continues.[31] Given the unresolved disputes between the parties and the stage at which this litigation remains, the Court finds it unclear whether and to what extent Plaintiffs would be meritorious. As such, this factor indicates the settlement is fair and reasonable.

Further, regarding the second, third, and fourth *Reed* factors, this Court has had the opportunity on two separate occasions to discuss the case with counsel. Because each party is represented by very able counsel, the Court confirms that the litigation would have been expensive and lengthy and that counsel were well aware of the underlying facts through adequate discovery when the matter was settled with Chief Magistrate Judge Roby. Finally, the Court is fully satisfied that these factors weigh in favor of finding that the settlement if fair and reasonable.

### 5. *The range of possible recovery is uncertain.*

Based upon the allegations in the First Amending and Supplemental Collective Action Complaint (the "Amended Complaint"), it appears that if Plaintiffs were successful on the merits of their claims, Defendants would be liable to Mr. Diaz for 26 hours of overtime for work performed over two weeks in January 2018.[32] The Amended Complaint, however, is silent as to the alleged overtime owed to the six opt-in plaintiffs.[33] Although not specified in the Settlement and Release Agreement, the parties assert that each plaintiff's recovery "is based on overtimes [sic] hours

---

[31] R. Doc. 72-1 at pp. 3-4.
[32] R. Doc. 42 at ¶ 17.
[33] *See, generally,* R. Doc. 42.

allegedly worked, as determined by Plaintiffs' counsel."[34] Under the Settlement Agreement, the seven plaintiffs will receive $16,946.00 and Plaintiffs' attorneys will receive $8,054.00 in attorney's fees. Thus, Plaintiffs will receive two-thirds of the settlement amount and their attorneys will receive the remaining third. While no further information has been provided regarding the amount that each plaintiff will receive, the Court finds that these amounts are reasonable in light of the allegations in the Amended Complaint. Nonetheless, because the parties have not provided the Court with sufficient information regarding the range of possible recovery, the Court finds the fifth *Reed* factor to be neutral, while noting that an award of one-third of the settlement amount for attorneys' fees does not appear to be unreasonable in this case.

### 6. *Opinions of class counsel, class representatives, and absent class members.*

The only parties to the settlement in this case are plaintiffs, Ledis Diaz, Manuel Reyes, Silviano Garcia, Alba Urbina, Edwin Enamorado, Nelson Enamorado, and Elvin Enamorado, and defendants, USA Professional Labor, LLC and Edin Alarcon. There are no "absent class members," as no other general laborers consented to join the collective action on or before the date on which the opt-in period for the class expired.[35] Further, both parties are represented by experienced and competent counsel in this matter and, "The Court is entitled to rely on the judgment of

---

[34] R. Doc. 72-1 at p. 4.
[35] R. Doc. 22.

experienced counsel in its evaluation of the merits of a class action settlement."[36] The parties in this case jointly seek judicial approval of a settlement agreement that addresses a bona fide dispute and was negotiated in good faith. As such, the Court finds this final factor indicates the settlement is fair and reasonable.

Based on the foregoing, the Court finds that five of the six *Reed* factors indicate that the settlement reached in this case is fair and reasonable, and that the sixth factor is neutral. In light of the "strong presumption" that a settlement is fair,[37] the Court finds that the settlement reached in this case is fair and reasonable.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that the settlement reached in this case is a fair and reasonable resolution of a bona fide dispute over FLSA provisions, and approves the settlement.

Accordingly,

**IT IS HEREBY ORDERED** that the Joint Motion to Approve Settlement and For Dismissal of All Claims[38] is **GRANTED** and that the parties' Settlement and Release Agreement is Approved.

---

[36] *Lackey v. SDT Waste & Debris Servs., LLC*, Civ. A. No. 11-1087, 2014 WL 4809535, at *2 (E.D. La. Sept. 26, 2014) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 727 (E.D. La. 2008)) (internal quotation marks omitted).
[37] *Domingue v. Sun Elec. & Instrumentation, Inc.*, Civ. A. No. 09-682, 2010 WL 1688793, at *1 (M.D. La Apr. 26, 2010) (quotation omitted); *Camp v. Progressive Corp.*, Civ. A. Nos. 01-2680, 03-2507, 2004 WL 2149079 (E.D. La. Sept. 23, 2004) (citations omitted).
[37] *Camp*, Civ. A. Nos. 01-2680, , 03-2507, 2004 WL 2149079, at *5 (quoting *Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977); *Henderson v. Eaton*, Civ. A. No. 01-0138, 2002 WL 31415728, at *2 (E.D. La. Oct. 25, 2002)).
[38] R. Doc. 72.

**IT IS FURTHER ORDERED** that this action is **DISMISSED WITH PREJUDICE** in accordance with the terms of the Settlement and Release Agreement, with each party to bear its own attorneys' fees and costs except as provided in the Settlement and Release Agreement.

**IT IS FURTHER ORDERED** that the *Ex Parte* Consent Motion to File Under Seal Parties' Settlement Agreement[39] is **GRANTED**. The Clerk of Court is directed to file **UNDER SEAL** the parties' Settlement and Release Agreement.

New Orleans, Louisiana, March 11, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**United States District Judge**

---

[39] R. Doc. 71.